55 503
55 593
55 503
56 445

THE CHICAGO, KANSAS & WESTERN RAILROAD COMPANY v. C. T. PROUTY, as Administrator of the Estate of Frank M. Dole, deceased.

1. EVIDENCE — Doubt as to Matter of Law. The testimony in the case reviewed, and upon it the court is unable to say, as a matter of law, either that there was no negligence on the part of the defendant, or that there was contributory negligence on the part of the plaintiff.

2. DEPOSITION — Error Rendered Immaterial. It is error to admit the deposition of a witness who resides outside of the county where the trial is had, but who is present at the court ready and willing to testify in the case; but where such witness is afterward called by the party against whom the deposition has been used, and testifies to the same facts without substantial variation, the error is rendered immaterial.

3. CONTRIBUTORY NEGLIGENCE—*Erroneous Instruction.* In an action to recover damages for injuries resulting in death, where it is claimed on the part of the defendant that the injuries resulted from the negligence of the injured person himself, and where such negligence, if any, is clearly proximate and directly contributory to the injury, it is error to charge the jury that if the negligence of the deceased was the remote cause of the injury the plaintiff might still recover. Following *Railroad Co. v. Plunkett*, 25 Kas. 188.

*Error from Ness District Court.*

ACTION by *Prouty*, as administrator, against *The Chicago, Kansas & Western Railroad Company*, to recover damages for the alleged negligent killing of plaintiff's intestate, Frank M. Dole. Verdict for plaintiff for $10,000, and judgment accordingly. The defendant brings the case here. The opinion herein, filed July 6, 1895, sufficiently states the facts.

*A. A. Hurd*, and *Wm. Osmond*, for plaintiff in error.

*S. I. Hale*, for defendant in error.

The opinion of the court was delivered by

ALLEN, J. : This action was brought by the administrator of the estate of Frank M. Dole, deceased, to recover $10,000 as damages for causing the death of said Dole by the negligence, as it is claimed, of the railroad company. There were but two eye-witnesses who testified with reference to what occurred at the time Dole was killed. It appears that he was riding in a spring wagon drawn by a team of horses going from his home to Beeler. The road on which Dole was traveling was on the south side of the railroad, running nearly parallel with it for some distance, then turning and crossing to the other side of the track. An east-bound mixed freight and passenger train approached, running at the rate of about 30 miles an hour as he neared the crossing. The whistle was

sounded at the whistling-post, which was distant about 1,000 feet from the crossing, but appears not to have attracted Dole's attention. When the engine was in the neighborhood of 700 feet from Dole the engineer saw him and sounded the whistle again. The team thereupon became excited and started to run. The engineer testified that at the time he first saw Dole, he was sitting with his head thrown forward, and he thought the lines must have been resting on his knees. When the horses started he tried to control them, but was unable to do so. The testimony of the engineer was to the effect that he appeared to be holding his lines too slack. It is clear from all the testimony that Dole tried to control his team, but was unable to do so, and it ran forward, turned and crossed the track. The engine struck between the horses and the wagon, throwing the horses to the north and the wagon and Dole to the south, causing the death soon afterward both of Dole and the horses. The only testimony as to what was done by the engineer toward stopping his train prior to the accident, is that of the engineer himself. He testified that he shut off the steam and applied the air-brakes as soon as he determined that the team was going to cross the track ; that he came to this conclusion when it turned toward the track, and that he did all he could after that to avoid the injury. The road along which the deceased was traveling was unfenced, and the ground on the south side of the road was smooth, and offered no obstruction to the passage of a team at any point in the opposite direction from the railroad. The jury rendered a verdict in favor of the plaintiff for $10,000. In answer to a special question, they find that the negligence of the engineer consisted in not using the appliances for stopping the train in

time. The plaintiff in error strenuously insists that under the testimony there is an utter failure of proof of negligence; that the engineer had a right to rely on the ability of Dole to keep his team away from the track, it appearing conclusively that there was no obstacle preventing him from turning his team away from the railroad onto the prairie, and that he had a perfect right to proceed without stopping until something indicated that it was likely to cross the track; that as soon as he had any reason to believe that it would cross the track, he in fact did everything he could to prevent the accident, and is, therefore, not chargeable with any negligence whatever. It is also contended that Dole was himself negligent; that he knew the time when the train would be due; was familiar with the road; that he could have seen the train approaching for nearly a mile, yet does not appear to have kept any lookout; and that he did not keep watch of his team and such hold of the reins as a prudent man would when about to cross a railroad-track at the time a train was due. The defendant in error contends, however, that the evidence fails to show culpable negligence on Dole's part; and that it was the duty of the engineer, as soon as he saw that Dole's team was unmanageable, to have at once applied the brakes and slackened, at least, the speed of the train; that if he had done so, and retarded its progress, even to a very slight degree, the team and man would have passed in safety; that the movements of a frightened team cannot be foretold, and that the engineer could and ought to have applied the brakes, and, if necessary, reversed the engine, before it became certain that the team was about to cross the track.

The time intervening between the starting of the

team to run and the accident was so very brief that
there was no time for deliberation by anyone, yet in
the management of a train of cars running at a high
rate of speed, promptness of decision and rapidity in
using the proper appliances to avoid danger and pre-
vent accident are necessarily exacted of an engineer.
Whether he ought to have applied the brakes as soon
as he saw that the team was unmanageable, or might
properly wait until it was evident that it was about to
cross the track, is a question as to which differences
of opinion may perhaps be entertained. If so, the
question should be submitted to the jury. Though
the question appears to us not wholly free

1. Evidence—
doubt as to
matter of law.
from doubt, we are unable to say, as a
matter of law, that the engineer was free
from fault; nor can we say, as a matter of law, that
negligence on the part of the deceased is established.
That question also was one proper for the considera-
tion of the jury.

Error is alleged in the admission of the deposition
of the engineer, George T. Craig, because it appears
that Craig was in the county at the time of the trial,
and had already been sworn as a witness on behalf of
the defendant, and excluded from the court-room dur-
ing the examination of the other witnesses by order
of the court. These facts were shown before the dep-
osition was read, but the objection was overruled on
the ground that the witness was a non-resident of the
county. In this the court erred. (*Fullenwider v. Ew-
ing*, 30 Kas. 22.) The cases of *Waite v. Teeters*, 36
Kas. 604, and *Eby v. Winters*, 51 id. 777, differ from
this in the important particular that it did not appear
in those cases that the attendance of the witnesses
could be procured at the time the deposition was
offered, while in this he was actually in attendance,

had been sworn, and afterward testified. The witness, however, was called by the defendant, and testified orally, and more at length than by the deposition. There is little, if any, conflict between the deposition and the oral testimony, and on the whole Craig's testimony on the witness-stand is rather more favorable to the plaintiff, because more full and explicit, than his deposition. This renders the error in the admission of the deposition immaterial, and especially so in view of the fact that the oral testimony was given at the instance of the defendant, and the repetition of his statements resulted from placing him on the witness-stand.

2. Deposition—error rendered immaterial.

The seventeenth instruction given by the court and excepted to by the defendant reads as follows :

"If the negligence of the deceased, Frank M. Dole, was only slight, or the remote cause of the injury, the plaintiff might still recover, notwithstanding such slight or remote cause, and such slight negligence would not defeat plaintiff's right to recover in this case, although the same contributed to the death of the said Frank Dole."

3. Contributory negligence— erroneous instruction.

This instruction is erroneous. If Dole was negligent, it is perfectly clear that his negligence contributed directly and proximately to the injury. Under the findings of the jury the charge of negligence, either on the part of the engineer or of Dole, must be confined to a very brief period of time immediately preceding the accident. On the part of the engineer, according to his testimony, it was only about 20 seconds from the time he first saw the deceased till the accident happened. On the part of Dole, his negligence, if any, consisted in failing to discover the train earlier than he did, or in failing to have a firm hold

of the lines or take other necessary precautions as he approached the crossing. There is no testimony indicating that he did not do his best to control the team after it became frightened. If there was negligence on his part, it was not quite as near in point of time but was sufficiently proximate and as directly contributory to the accident as that of the engineer, if he was negligent. In a case of so much doubt and nicety as this under the testimony, the error in giving this instruction cannot be overlooked nor disregarded. A verdict has been rendered for the full limit of a recovery on account of death caused by the wrongful act of another. The jury ought to have considered the conduct of the deceased with the same degree of care that they did that of the engineer, and if they determined that he failed to use ordinary care in the particulars mentioned they should have rendered a verdict for the defendant. The error in giving this instruction is emphasized by the eighth, ninth, tenth and eleventh special findings, in which the jury say that Dole knew the time of the passage of the train ; that it was visible to a man on a wagon near the road crossing for at least a mile west of the crossing, and that if he had taken the necessary precaution he could have ascertained that there was a train approaching prior to the time his team took fright. In the case of the *A. T. & S. F. Rld. Co. v. Plunkett*, 25 Kas. 188, it was held, that—

"It is misleading and erroneous for the court to instruct the jury that negligence remotely contributing to the injury is not material, when in fact, if there was any negligence at all, it was clearly direct and proximate, and not remote or far removed from the injury."

Complaint is also made of the repetition at three

different places in the charge of the court of the statement that "it is negligence in itself for a railroad company to fail to sound the whistle of its engine three times at least 80 rods before crossing the public highway." By this repetition undue prominence was was given to this matter, but it does not seem to have influenced the jury as they based their verdict on other grounds.

We deem it unnecessary to discuss the question as to the measure of damages, as the matter must again be submitted to another jury because of the erroneous instruction.

The judgment is reversed and a new trial ordered.

All the Justices concurring.