# VANDUZER *vs.* CHRISTIAN.

1. When the defendant in execution remains in the possession of the land, under some parol agreement with the purchaser as to its redemption, makes valuable improvements thereon, and the purchaser acknowledges himself satisfied as to the manner in which the repayment has been arranged, the tenant acquires a complete equity to the premises, and one upon which he may rely to protect his possession against an action brought by the purchasers.

Complaint for Land, in Elbert Superior Court.    Tried before Judge Thomas, at March Term, 1860.

This was an action brought by William T. Vanduzer, administrator of Ira Christian, deceased, against Jesse G. Christian, for the recovery of a certain tract or parcel of land situated in the county of Elbert, on the waters of Deep Creek, containing one hundred and six acres, more or less.

Upon the trial, plaintiff offered in evidence the following testimony:

1st. An execution in favor of Snowden & Shear, against Jesse G. Christian, the defendant, James Hendrick and Nel-

son Burden, with a levy entered thereon, upon the land in controversy, dated 26th January, 1844, and sale thereof to Ira Christian, plaintiff's intestate, made 5th March, 1844.

2d. A deed from the sheriff of Elbert county conveying said land to Ira Christian, dated 5th March, 1844, in which the consideration expressed was six dollars and fifty cents.

3d. Robert P. Dickenson, a witness, sworn, testified: That the levy and deed covered the land in dispute, and that defendant was in possession at the commencement of this action, and that he had built some houses on the premises.

4th. Adkins Ogleby testified: That some five or six years before Ira Christian died, he heard a conversation between him and defendant relative to the land; defendant had heard that Ira Christian was about to sell the land, and went to him and claimed that he, Ira, should give him the preference over any other purchaser; defendant had lived on the land a long time; was living there prior to, and at the time of the sale by the sheriff in 1844; Ira Christian died 27th December, 1856; after the purchase by Ira Christian, defendant built some houses on the land, and made some clearings and fences; had built the house he lived in.

*Evidence for Defendant.*

William Christian testified: That defendant had lived on the land some sixteen or seventeen years; shortly after the purchase by Ira Christian, at sheriff's sale, witness had a conversation with him about it; witness asked him about the land, and told him he had heard that he intended to keep the land he had purchased at sheriff's sale, belonging to witness' son, Jesse G. Christian; Ira replied, that he did not intend to keep it, but that he bought it for Jesse; that he gave little or nothing for it; thinks he said he gave but six dollars and a-half for it, and that he did not buy it for himself.

Josephus Maxwell testified: That in the year 1853, defendant came to Ira Christian's house, in Elberton, to see about getting this land from him; they went off by themselves and had a conversation: they came back, and Ira Christian asked witness if he would settle fifty dollars for

defendant in their settlement? witness replied, "Yes;" then Ira turned to Jesse and told him to go home and he would fix up the papers at some other time; Jesse had cleared some land and put up some buildings on it, but of no great value; witness had never settled the fifty dollars with Ira Christian. (The presiding Judge adds, that his recollection of Maxwell's testimony was, that Ira Christian said: "Joe, will you settle fifty dollars for Jesse in our settlement? If you will, I will make him a deed." Maxwell answered, "Yes." Then Ira turned to Jesse and told him to go home and make himself easy about it; he would make the deed and send it to him or leave it with witness for him; witness stated that he had never settled the fifty dollars with Ira Christian; that he had never had a settlement with him or his estate, but that he was willing at any time to settle the fifty dollars, and that Ira Christian's estate would be owing witness a considerable amount for building his house).

The testimony being closed, counsel for plaintiff requested the Court to charge the jury—

That the purchase of the land by Ira Christian at sheriff's sale, the defendant in execution being in possession at the time, vested the title in the purchaser.

1st. That if the defendant occupied the land since the sale, holding under Ira Christian, the title of the latter was not divested by such occupancy.

2. That any parol agreement between Ira Christian and defendant, of which evidence had been introduced, for the purchase of the land by the latter, was involved under the Statute of Frauds.

3d. That the jury could not consider that Ira Christian was paid for the land by the agreement between him and Maxwell, as to the payment of the fifty dollars by the latter, because such agreement was not binding on the parties under the Statute of Frauds.

All of which charges the Court refused to give, except the first; but on the contrary, charged, that though Ira Christian might have received a good title to the land under the sheriff's sale, yet, if the defendant remained in possession under a verbal contract of purchase, and the purchase-money had been paid before the commencement of this suit, the title of plaintiff thereby divested, and he could not recover; and further, if the jury believed from the testimony of Max-

Vanduzer *vs.* Christian.

well that only fifty dollars of the purchase-money remained unpaid at the time of the conversation testified to by him, and that Maxwell promised to settle with Ira Christian fifty dollars for defendant, and therefore Ira promised to execute a deed to defendant, such a promise by Maxwell was good in law as a payment of the fifty dollars, and the jury should find for the defendant, notwithstanding both promises were in parol; that if the defendant remained in possession under a verbal contract of purchase, and the purchase-money had been paid and permanent improvements made by defendant, that would give him such a title as would enable him in equity to compel a specific performance of the agreement, and enable him at law to defend his possession in an action of ejectment against him by Ira Christian or his administrator; that Maxwell's promise to settle the fifty dollars was not a promise to pay the debt of another, and was not void under the Statute of Frauds; that if Ira Christian agreed to accept said promise for payment, it was a good payment, or such as would entitle defendant to a deed, or enable him to defend this action.

To all of which charges and refusals to charge, counsel for plaintiff excepted.

The jury found for the defendant; whereupon, counsel for plaintiff tender their bill of exceptions, assigning as error the charge and refusal to charge aforesaid.

HESTER & AKERMAN, for plaintiff in error.

NELMS, *contra.*

*By the Court.*—LUMPKIN, J., delivering the opinion.

We are clear that the law of this case, upon the testimony, is with the defendant, here and in the Court below. The land in dispute was sold in 1844. Ira Christian was the purchaser, at sheriff's sale, at the nominal sum of $6 50. He stated to one of the witnesses that he had not bought the land for himself, but for Jesse G. Christian. He never disturbed his possession while he lived. Jesse G. Christian had the house built on the land on which he lives, cleared land and made other improvements. Wm. Maxwell testifies that he was present in 1853 at an interview between Ira and Jesse

G. Christian. They conversed apart about the land. When they returned, Ira said to witness, "Joe, will you pay fifty dollars for Jesse in our settlement?" Witness agreed to do so. Ira then turned to Jesse and told him to go *home*, and he would fix up the papers at some other time. It further appears that the estate of Ira Christian will be owing Maxwell, the witness, a balance after deducting the fifty dollars for work done by Maxwell for Ira Christian, and that no settlement has ever been made between them.

Jesse G. Christian has a complete equity, notwithstanding Ira died without executing a deed, as he promised, and no doubt intended to do—an equity fully adequate to the protection of his possession of the premises. If it be suggested that the purchase-money has not been actually paid, the ready reply, that in contemplation of law, it is paid, inasmuch as Ira Christian held it under the arrangement with Mr. Maxwell in his own nands.

We cheerfully affirm the judgment in this case.