## COSTON *vs.* COSTON.

1. The complainant in an equity cause may, as a matter of right, strike the names of one or more of the defendants, taking the risk, of course, of the exercise of such right.
2. A motion to dismiss a bill in equity because there is a common law remedy, comes too late at the trial term. A demurrer should have been filed at the first term.
(*a*) There was equity in this bill.
3. Where a motion to dismiss an equity cause was made after the evidence of complainant had been introduced, in the nature of a motion for a non-suit, and its refusal is excepted to, the evidence introduced should be brought up, in order that this court may pass upon the question made.

Equity. Amendments. Parties. Practice in Superior Court. Practice in Supreme Court. Before Judge PATE. Washington Superior Court. May Adjourned Term, 1880.

Reported in the decision.

R. W. CARSWELL; E. S. LANGMADE, by brief, for plaintiff in error.

ROBT. L. RODGERS, for defendant.

JACKSON, Chief Justice.

This was a bill in equity filed by the complainant against the defendant and one Dudley, executor of Elam Dudley, for the delivery and cancellation of titles to a tract of land in the county of Washington, and obtaining the possession thereof, alleged to be fraudulently held by the defendant against the right of complainant. The complainant served Elam Dudley as overseer for the land, and Elam died without making him a deed, but put him in possession. Moving to Texas, complainant put his father in possession of this land to hold for him, and the defendant, his brother, claimed it under a forged deed of gift from his father, and refused to deliver possession. Defendant had also in possession the plat and grant to the land, and a deed from Wimberly to Elam Dudley, which he refused to deliver up. The prayer is for the delivery and cancellation of the deed of gift, and the delivery of the muniments of title, and possession, and an account for the rents and profits. On the trial the executor of Elam Dudley was stricken by complainant from the bill, and the case went to the jury on the evidence, which is not set out at all in the bill of exceptions, or in the record. After the evidence closed, a motion was made to dismiss the bill, which was refused. Error is assigned here on the court's allowing the executor of Dudley to be stricken from the bill, and on the refusal of the court to dismiss the same, the jury having found for complainant on all the issues, and a decree being rendered on that finding.

1. The complainant had the right to strike one defendant and proceed against the other alone, taking the risk, of course, of the exercise of the right. Code, §§3479, 3485, 4181.

2. No demurrer had been filed to the bill, and it had

been in court since 1878. The defendant could have demurred at the trial on account of the striking of the name of Dudley's executor from the bill had it been a material amendment ; but there was no prayer that the executor make a deed to the complainant, and, therefore, he was an unnecessary party. Besides there was no demurrer at the trial, but a motion to dismiss, according to the judge's certificate, after the proof had all gone to the jury ; and thus, really, it was a motion to dismiss the whole case on pleadings and facts, as if a non-suit had been moved at law. So considering it, the testimony is not here so that we can pass upon that motion. In 55 *Ga.*, 451, the motion was to dismiss the bill before there was any testimony introduced. A demurrer on the ground that there was a complete remedy at law should have been filed at the first term. Equity had at least concurrent jurisdiction under the allegations of fraud and forgery in the bill ; and the defendant residing in the county of Washington, which fact of defendant's residence in the county where the suit was pending, takes this case entirely without those reported in 34 *Ga.*, 59, and 37 *Ga.*, 346. Besides, there was in this bill a prayer for discovery.

On the whole, there being not a jot of the testimony introduced on the trial either in the bill of exceptions or in the record anywhere, and the motion being one to dismiss on both pleading and testimony, and the presumption being that fraud of the grossest character had been fully established against the defendant, as he does not bring up the evidence, and that complainant is entitled, therefore, to have the muniments of title delivered up, and the forged deed cancelled and possession of the land restored to him, we see no reason in law or equity to disturb the verdict or set aside the decree.

Judgment affirmed.