KENT *et al. v.* DAVIS *et al.*

An equitable petition alleging that the plaintiffs therein are the only heirs-at-law of their deceased father, who died intestate; that his estate owes no debts; that there has been no administration thereon; that they are all of lawful age; that one of the defendants who was a brother of the deceased, in the lifetime of the latter, by fraud and undue influence, and by making false and fraudulent promises to support the deceased, which were not kept, all of which are sufficiently set forth in the petition, induced the deceased, at a time when he was mentally and physically incapable of transacting business, to convey to such brother the whole or the greater part of his property, consisting of real estate and personalty; that such brother conveyed the realty to another defendant who had notice of the fraud; and praying a cancellation of these conveyances and an accounting by the brother for the personalty received by him, may be maintained; the court having the power, if in its discretion deemed necessary, to require plaintiffs, in the event they should recover for the personalty, to give bond indemnifying the brother from any loss to which he may be subjected in consequence of any recovery against him by an administrator of the deceased hereafter appointed, if any, at the instance of a creditor or creditors. *Judgment affirmed.*

March 31, 1892. By two Justices. Argued at the last term.

Equity. Fraud. Cancellation of deeds. Account. Before Judge RONEY. Johnson superior court. March term, 1891.

The petition alleged: Petitioners are the children, of lawful age, and the only heirs-at-law of Bryant Kent, who died intestate about July 25, 1887. About September 9, 1882, Bryant Kent, being then in feeble health from which his mind and will power was so impaired as to render him incapable of safe and prudent business transactions, and susceptible to undue and fraudulent influences, was fraudulently induced by his brother, Thomas Kent, to execute and deliver to him a deed, con-

veying to Thomas Kent in fee simple a tract of land (describing it), and certain live-stock, personalty, notes and accounts, also described. The consideration expressed on the face of the deed was natural love and affection, and that Thomas Kent should keep, support and maintain said Bryant, as a member of his family, during the natural life of Bryant. When it was executed Bryant was stopping at the home of his brother, and on account of his physical and mental weakness was incapable of transacting business, and relied with implicit confidence on the advice and direction of Thomas, who, taking advantage of this weakness and confidence, represented to Bryant that his afflictions were permanent, that he would never be able to transact business so as to protect his property from ultimate loss, that he would soon be without property and be dependent in his old age and afflictions upon the charity of his friends and relatives for support, all of which he could avoid by executing to him, Thomas, said deed, who would take charge of the property and business of him, Bryant, and relieve him of further care or responsibility for its management, and provide him with a comfortable home and ample support and medical attention during his life. Bryant was led further to believe that his business and property were in a confused and complicated condition, which would result in no profit but perhaps great loss to Thomas in "closing" for the considerations expressed in the deed, but he would do so in consideration of the comfort and satisfaction of his brother, whose interest he felt it his duty to provide for in his afflictions. By these false and fraudulent means Bryant was induced to execute and deliver the deed together with the property described in it, when in fact he was comparatively out of debt and his business in no way complicated or confused. As soon as the deed was executed Thomas proceeded to take possession of the property and also all

other property belonging to Bryant, a list of which, so far as petitioners have been able to obtain the information, is set out. He collected claims due Bryant, amounting to $126.50, and the interest of Bryant in the estate of his deceased mother, upon which he received $100, all aggregating the value of $2,806.50, besides the interest and profits thereof. As soon as possible after taking possession of the property, Thomas sold one hundred acres of the land to one Downs, for $500 cash, and Downs had notice at and before the purchase, of the fraud practiced by Thomas in procuring the deed. Thomas appropriated the proceeds of the sale of the land to his own use and proceeded to sell the balance of the property, such as he could not otherwise appropriate to his own use, to various parties, who were, so far as petitioners know, innocent purchasers. As soon as Thomas had disposed of the property he refused to comply with the obligations assumed by him, and refused to keep, support and maintain Bryant, only so long as he could make him useful by labor imposed on him which he was unable to perform; and at last refused to receive Bryant at his house or provide for his comfort and medical treatment during his last illness, while Bryant was totally unable to provide for himself and required constant nursing and attention. In order to keep their father from suffering and neglect petitioners had to take and provide for him at their homes. The property so obtained by Thomas was largely in excess of the sum necessary to be expended in the support and maintenance of Bryant, and to have provided him with such comforts and attention as he was entitled to in his last illness. Bryant never recovered his physical and mental strength sufficiently to demand and protect his rights in the property, but his afflictions increased until, for a considerable length of time before his death, he was utterly helpless. For the reason mentioned the deed is void;

and Thomas as to all the property, and Downs as to the land bought by him from Thomas, hold as trustees for Bryant and his heirs, and Thomas should be required to account to petitioners for the full value of the property, and the deed be declared void, to which end petitioners have, since their father's death, applied to Thomas for an accounting and settlement, with which proposition he refuses to comply. The prayer is, for cancellation of both the deeds, and that Thomas be required to come to an accounting with petitioners for all the property, etc. The deed from Bryant to Thomas Kent is attached as an exhibit. Petitioners were allowed to amend by alleging that there were no debts against the estate of Bryant Kent, and that no administration had been taken out on his estate. The date of the filing of the petition seems to be March 3, 1890.

The defendants demurred on the following grounds: The allegations in the declaration do not entitle plaintiffs to the relief sought or any other relief; the title to the personalty mentioned is not in plaintiffs, the right to sue being only in the administrator of Bryant Kent; and defendant Downs has a good title by prescription to the land of which he is alleged to be in possession. The demurrer was overruled, and the defendants excepted.

W. R. DALEY, EVANS & EVANS, T. H. POTTER and HINES, SHUBRICK & FELDER, for plaintiffs in error.

A. F. DALEY, by brief, *contra.*