## The Citizens' National Bank of Kingman v. George F. Berry & Co.

**Banking Corporation** — *Power of President.* The president of a banking corporation has the power to employ counsel and manage the litigation of the bank, in the absence of any order of the board of directors depriving him of such power.

*Error from Kingman District Court.*

The material facts are stated in the opinion herein, filed July 6, 1894.

*Ashbaugh & Steck*, for plaintiff in error.
*Hay & Hay*, for defendants in error.

The opinion of the court was delivered by

ALLEN, J.: George F. Berry & Co. brought suit against the Citizens' National Bank of Kingman, to recover certain sums of money alleged by them to have been paid to the bank as usurious interest and the penalty provided by the national-banking law therefor. An answer, containing merely a general denial, was filed by Lydecker & Cooper on behalf of the defendant. A demurrer, alleging various grounds, was filed by R. W. Hodgson, as president. The attorney for the plaintiff moved to strike from the files Hodgson's demurrer, and Lydecker & Cooper moved for an order requiring Hodgson to show by what authority he appeared for the bank. Hodgson also moved for an order requiring Lydecker & Cooper to show by what authority they appeared. On this motion affidavits were introduced, from which it appears that Hodgson was president of the bank, and the owner of $30,800 of the capital stock, the total amount of which was $50,000; that the corporation had gone into voluntary liquidation in December, 1888; that Lydecker & Cooper had been employed as attorneys of the bank by the board of directors, and had never been discharged as such, and that Lydecker was one of the directors. On hearing these motions, the court ordered the demurrer filed by Hodgson stricken from the files, and sustained the right of Lydecker & Cooper to represent the bank. Thereupon Messrs. Ashbaugh & Steck asked leave to file an answer on behalf of the president of the bank, under employment from him, setting up the fact that Berry & Jett, the plaintiffs, were directors in the bank at the time of the alleged usurious transaction, and also the facts with reference to the bank having gone into voluntary liquidation, and other matters of defense. The court refused to consider such answer, and held that Hodgson had no right to be heard. The case was then tried, and a judgment rendered in favor of the plaintiffs for $940.12. Aside from the fact that Hodgson was the party principally interested in the result of the litigation, it appears that he was president of

the bank at the time it went into liquidation, and, if the corporate existence of the bank had not terminated, was still its president.

In Morse on Banks and Banking, § 143, it is said:

"Indeed, it is a singular fact that the entire collection of judicial authorities justifies the enunciation of only one act as falling within the properly inherent power of the president. This solitary function is to take charge of the litigation of the bank. There is no question that this matter belongs to him by virtue of his office. He may institute and carry on legal proceedings to collect demands or claims of the bank. He may appear, answer and defend in suits against the bank. He may retain and employ counsel on behalf of the bank."

See, also, Boone, Banking, § 144, and cases cited.

It is said in the brief that, as the evidence is not all contained in the record, the court cannot consider the case. It is immaterial whether the case contains all the evidence or not, for the substance of the claim of the plaintiff in error is, that it was refused a hearing. There is nothing in the record showing that the board of directors had attempted to take away from the president the power to employ attorneys and conduct the bank's litigation. The mere fact that the board of directors had employed counsel would not necessarily take away from the president the right to control a case in court, and to have the bank represented by other counsel if he saw fit. It was error for the court to deny the president this right, and the judgment is therefore reversed.

All the Justices concurring.