FLOYD *v.* FLOYD.

1. The term "child," as employed in section 2664 of the code, does not include a bastard so as to entitle him to the benefits of its provisions, and the conclusive presumption of a gift resulting from continuous possession, under the circumstances therein set forth, arises only in favor of legitimate children.

2. A donee of land under a parol gift, who in pursuance thereof enters into possession with the consent of the donor, and makes valuable improvements upon the faith of the gift, acquires such a perfect equity in the premises as that, upon a suit in ejectment against him by the donor or his heirs at law, he may, by proof of these facts, successfully defend his possession; and a plea setting up such equity should not be stricken on demurrer, even though it contain no prayer for specific performance.

July 15, 1895. By two Justices.

Ejectment. Before Judge Gamble. Washington superior court. September term, 1894.

*J. N. Gilmore* and *Harris & Rawlings*, for plaintiff in error. *Evans & Evans*, contra.

SIMMONS, Chief Justice.

Mary A. Floyd brought ejectment against Gus Floyd. He filed the following plea, which on motion was dismissed as insufficient in law: Mary A. Floyd is the wife and sole heir at law of James U. Floyd, deceased, and claims title to the premises in dispute solely as such heir at law. James U. Floyd died intestate, and no administration has ever been granted upon his estate. Defendant is the illegitimate son of James U. Floyd, who recognized him as his son. James U. Floyd, who was the owner of the land in dispute, for the purpose of providing for the defendant as his son, made a gift of said land to defendant, who went into exclusive possession thereof under said gift, paid the taxes and made valuable improvements thereon on the strength of said gift. Defendant held possession of said land under said gift, and without payment of rent, for more than seven years during the life of said James U. Floyd. Since said gift James U. Floyd has made no claim of dominion over said land; and defendant has always claimed title on the strength of said gift, and has never made any disclaimer or recognized any adverse title. ·

1. It was contended by the plaintiff in error, that the facts recited constituted a good plea under section 2664 of the code, which declares that "the exclusive possession by a child of lands belonging originally to the father, without payment of rent, for the space of seven years, · shall create conclusive presumption of a gift, and convey title to the child, unless there is evidence of a loan, or of a claim of dominion by a father acknowledged by the child, or of a disclaimer of title on the part of the child." In our opinion this section of the code does not apply to an illegitimate

child. It is well settled that at common law the words child and children mean only legitimate child and children. An illegitimate child does not take by inheritance from the putative father; indeed the law does not recognize any relationship between them except in certain cases as to which express provision is made. See on this subject, 3 Am. & Eng. Enc. of Law, "Child," page 230, note, and cases cited.

2. Counsel for the plaintiff in error contends, however, and correctly we think, that the plea is good under section 3189 of the code, which provides that if possession of lands has been given under a voluntary agreement or gratuitous promise, "upon a meritorious consideration, and valuable improvements made upon the faith thereof, equity will decree a performance of the agreement." The plea, as we have seen, alleges that the land was given to the defendant by his putative father for the purpose of providing for the defendant as his son, and that the son went into exclusive possession and made valuable improvements thereon "on the strength of said gift." Irrespective of other considerations, the defendant, under these circumstances, acquired a perfect equity in the premises, and it is well settled that one in possession of land may by showing a perfect equity successfully defend his possession. And this he may do without praying for specific performance. See *Vanduzer* v. *Christian*, 30 *Ga.* 336. The court erred, therefore, in striking the plea on demurrer.

*Judgment reversed.*