SIMPSON <em>v.</em> BROCK.

When a plaintiff, by his counsel, voluntarily dismisses his petition, whether for a good or bad reason, the court has no authority, over objection by the de-fendant, to reinstate the action.

Submitted November 11, — Decided December 11, 1901.

Motion to reinstate case. Before Judge Janes. Haralson su-perior court. June 14, 1901.

*Head & Head*, for plaintiff in error.
*S. L. Craven* and *U. G. Brock*, contra.

LUMPKIN, P. J. The case of Brock against Simpson came on to be heard in the superior court of Haralson county, was dismissed, and, during the same term, over the defendant's objection, rein-stated. The motion to reinstate was based on the grounds that the case was called out of its order for trial, that the plaintiff, for rea-sons assigned, was unavoidably absent, and that because of his ab-sence his counsel was unable to prove certain facts essential to the maintenance of his action. It affirmatively appears, however, that the case was dismissed "on motion of plaintiff's counsel." It is in-ferable that counsel took this step in order to prevent a verdict for the defendant. The fact nevertheless remains that the act of dis-missing the case was that of the plaintiff's own counsel; and this being so, it is obvious that the court had no authority to reinstate the case over the defendant's objection. Had the court improperly

dismissed the action, the question would be entirely different; but the plaintiff, through his counsel, having taken his own case out of court, whether for a good reason or a bad one, the matter was at an end, and the judge had no further power over it.

*Judgment reversed. All the Justices concurring.*