6253.  YATESVILLE BANKING COMPANY *v.* FOURTH NATIONAL BANK OF ATLANTA.

BROYLES, J.  1.  The president of a bank has the inherent power, virtute officii, of instituting, carrying on, and *controlling* the litigation of his bank, unless this power is limited by some statute, or by the charter or by-laws of the bank or, possibly, by some order of its directors. Magee on Banks and Banking, § 119; Morse on Banks and Banking, § 143; Boone on Law of Banking (1892), § 99; 3 Ruling Case Law, § 68, p. 442; Citizens National Bank *v.* Berry, 53 Kan. 696 (37 Pac. 131, 24 L. R. A. 719).

(*a*) It follows that the president of a bank, unless his power is limited in one of the ways just mentioned, has the authority to dismiss a suit brought by the bank. In this case no such limitation of the president's power to control the litigation of his bank appears.

2. A petitioner may dismiss his petition at any time, either in term or vacation, so that he does not thereby prejudice any right of the defendant. Civil Code, § 5548. And where a plaintiff voluntarily dismisses his case, whether for a good or a bad reason, the court has no authority, over objection by the defendant, to reinstate the action. *Simpson* v. *Brock,* 114 *Ga.* 294 (40 S. E. 266).

3. The petition for reinstatement of the case showed, that, subsequently to its dismissal on the written direction of the president of the bank,

the directors of the bank passed a resolution requesting the president to withdraw his request for the dismissal and to ask for a reinstatement of the case; that the president's request for a dismissal of the case was the result of an "inadvertence and a misunderstanding;" that the dismissal was contrary to the wishes of the board of directors; and that the president of the bank had no authority to dismiss the case. The president joined the directors in their request for a vacation of the order of dismissal and for reinstatement of the case. This petition presented no sufficient reason in law why the motion to vacate the judgment of dismissal and to reinstate the case should have been granted by the court.

(a) The petition to vacate and reinstate was dismissed on an oral motion, which was in the nature of a general demurrer. It is elementary law that the mere conclusions of the pleader in a petition are not admitted by an attacking demurrer. With the conclusions of the pleader disregarded, the petition presented no sufficient reason in law why the motion to vacate and reinstate should have been sustained.

4. The court, having properly declined to vacate the judgment of dismissal and to reinstate the case, did not err in entering up judgment of dismissal nunc pro func. *Armstrong* v. *Lewis*, 61 *Ga.* 680 (2).

*Judgment affirmed.*

Decided January 6, 1916.

Motion to vacate judgment and reinstate case; from city court of Atlanta—Judge H. M. Reid. October 17, 1914.

*Anderson & Rountree, R. W. Crenshaw,* for plaintiff.

*Rosser & Brandon,* for defendant.