ANSLEY *v.* ANSLEY, administratrix; *et vice versa.*

ATKINSON, J. 1. A parol obligation by a person to adopt the child of another as his own, accompanied by a virtual though not a statutory adoption, and acted upon by all parties concerned for many years and during the obligor's life, may be enforced in equity upon the death of the obligor, by decreeing the child entitled as a child to the property of the obligor, undisposed of by will. Civil Code, § 3016; *Crawford* v. *Wilson*, 139 *Ga.* 654 (78 S. E. 30, 44 L. R. A. (N. S.) 773); *Pair* v. *Pair*, 147 *Ga.* 754 (95 S. E. 295); *Richardson* v. *Cade*, 150 *Ga.* 535, 538 (104 S. E. 207). The rule above announced is applicable where a man and his wife contract jointly to adopt the child of another, and such a contract will bind both the husband and wife severally.

2. Such agreement to adopt a child is, after death of the party who agreed to adopt, enforceable against the sole heir at law, by treating the heir as a trustee and compelling him to convey the property in accordance with the contract; and where the agreement is entire and embraces both real and personal property, and the estate of the decedent is unrepresented and owes no debts, and the heir is in possession of all of such property, it is not necessary, in order to enforce the contract in its entirety, to have an administrator for such estate appointed and made a party defendant to the suit. In such a case, equity, having obtained jurisdiction over the subject-matter and over the heir for the purpose of enforcing the contract as to the land against him, may enforce the whole of the contract against him. *Kent* v. *Davis*, 89 *Ga.* 151 (15 S. E. 457); *Belt* v. *Lazenby*, 126 *Ga.* 767 (5) (56 S. E. 81); *Gordon* v. *Spellman*, 148 *Ga.* 394, 398 (96 S. E. 1006).

(*a*) If the sole heir be dead, such suit may be entertained against his administrator.

(*b*) This is especially true under the Civil Code, § 3930, which declares: "Upon the death of the wife the husband is her sole heir, and upon payment of her individual debts, if any, may take possession thereof without administration, unless she dies intestate leaving a separate estate without remainder or limitation over which can and does take effect, and leaves, with the husband, a surviving child or children, or descendants of a child or children; then such separate estate shall be equally divided share and share alike, between said husband and said offspring per capita, but the descendants of children shall take per stirpes."

3. Where a part of a tract of land which the husband inherited as the sole heir at law of his first wife is set apart as a year's support for his widow after a second marriage, the latter acquires no greater estate than her husband had therein, and she will take the same, when so set apart, subject to the equitable rights of the foster child of the first wife under the contract for adoption.

4. The court did not err in rejecting evidence of the widow, to the effect that her husband at the time of her marriage was fourteen years her senior, and before she consented to marry him she made inquiry as to the status of the foster child, and her husband told her he owned all of the property of which he was in possession, and the foster child was not adopted and would not be his heir unless he made him such, and that it was upon this consideration, among others, that she agreed to marry him; such evidence being offered by the widow for the purpose of showing that, when she acted upon these statements and changed her status, she acquired an equity in the property of her husband, superior to the equity of the plaintiff.

5. The judge charged: "The burden is upon the plaintiff to make out his case by a preponderance of the evidence. By preponderance of the evidence is meant that superior weight of the evidence upon the issue involved, which, while not enough to wholly free the mind from a reasonable doubt, is yet sufficient to incline a reasonable and impartial mind to one side of the issue rather than to the other." Error was assigned on the ground that this is not the degree required in a case of this character, but it should be so strong as to leave no reasonable doubt as to the truth of the plaintiff's contention. If the charge was erroneous

for the reason assigned, it was not cause for reversal, in the light of other portions of the charge as follows: "In a case of this character I charge you further, gentlemen, that a parol contract for the adoption of a child, where specific performance is sought, should be made out so clearly, strong and satisfactorily as to leave no reasonable doubt as to the agreement. Before the plaintiff would be entitled to recover in this case, he must make out his case so clearly, strongly, as to leave no reasonable doubt as to the truth of the allegations set out in his petition, and to satisfy you of the truth of the allegations and the esablishment of the contract beyond a reasonable doubt."

6. Applying the foregoing principles, the judge erred in sustaining the demurrer to so much of the petition as related to the rights of the foster child in the home place left by the foster mother. The court did not err in overruling the other grounds of demurrer, and did not err in overruling the motion for new trial.

ON MOTION FOR REHEARING.

7. As the judge sustained the demurrer to that portion of the plaintiff's petition in which he sought to recover an interest in the home place, that matter was eliminated from the case; and the judge thereafter was not authorized to make any decree in reference thereto, for which reason his decree in respect to the home place was void.

8. On application of the principles stated in the preceding notes, the judgment will be reversed on the bill of exceptions sued out by the plaintiff, and affirmed on the bill of exceptions sued out by the defendant, with direction that on the next trial the right of the plaintiff to recover as an heir at law of the foster parents shall be held to be established, and on such trial the sole question to be determined is whether the foster parents or either of them died seized and possessed of the home place, and to what interest therein the plaintiff would be entitled as such heir.

*Judgments so ordered. All the Justices concur.*

Nos. 2882, 2914. SEPTEMBER 30, 1922.

Equitable petition. Before Judge Strange. Columbia superior court. September 29, 1921.

*Callaway & Howard* and *John T. West & Son,* for plaintiff.

*J. T. Olive* and *M. C. Barwick,* for defendant.