## REEVES v. TARNOK, trustee, et al.; et vice versa.

HINES, J.  1.  Under the allegations of the petition the plaintiff fails to show legal title, or such a perfect equity, accompanied with possession in herself, as will enable her to recover at law the premises in dispute.  The petition therefore does not make a case which entitles her to recover upon the theory that her action is a complaint for the recovery of land.  *Vanduzer* v. *Christian,* 30 *Ga.* 336; *Floyd* v. *Floyd,* 97 *Ga.* 124 (24 S. E. 451); *Ogden* v. *Dodge County,* 97 *Ga.* 461 (25 S. E. 321); *Holt* v. *Anderson,* 98 *Ga.* 220, 224 (25 S. E. 496); *Ellis* v. *Dasher,* 101 *Ga.* 5 (29 S. E. 268).

2.  Treated as a petition for specific performance, the relief sought was only such as operates against the person; and the court was without jurisdiction to render a decree granting it, based upon mere constructive service.  *Hamil* v. *Flowers,* 133 *Ga.* 216 (65 S. E. 961); *Bank of Floral City* v. *Warnock,* 144 *Ga.* 117 (86 S. E. 249).

3.  Treated as a proceeding in equity to impress upon the premises in dispute a trust in favor of the petitioner and to cancel the deed from Mrs. Ellis to Mrs. Tarnok as trustee, the petition was properly dismissed upon special demurrer because the personal represent-

---

Dismissal and Nonsuit 18 C. J. p. 1187, n. 50.
Ejectment 19 C. J. p. 1109, n. 5; p. 1197, n. 87.
Executors and Administrators 24 C. J. p. 803, n. 51 New.
Specific Performance 36 Cyc. p. 772, n. 39.

ative of Mrs. Ellis was not made a party. *Pierce* v. *Middle Ga. Land Co.*, 131 *Ga.* 99 (61 S. E. 1114); *Biggs* v. *Silvey*, 140 *Ga.* 762 (79 S. E. 857); *Gibbs* v. *Harrelson*, 147 *Ga.* 404 (94 S. E. 235); *Brown* v. *Wilcox*, 147 *Ga.* 546 (94 S. E. 993); *Fordham* v. *Duggan*, 147 *Ga.* 610 (95 S. E. 3); *A., B. & A. Ry. Co.* v. *Smith*, 148 *Ga.* 282 (96 S. E. 562). In *Kent* v. *Davis*, 89 *Ga.* 151 (15 S. E. 457), *Eagan* v. *Conway*, 115 *Ga.* 130 (41 S. E. 493), *Belt* v. *Lazenby*, 126 *Ga.* 767 (56 S. E. 81), *Pierce* v. *Middle Ga. Land Co.*, supra, and *Ansley* v. *Ansley*, 154 *Ga.* 357 (114 S. E. 182), the sole heirs at law of the intestate were parties. In *Ellesworth* v. *McCoy*, 95 *Ga.* 44 (22 S. E. 39), the action was against two of the three heirs of the grantee in the deed sought to be cancelled, the third heir being a non-resident, and the prayer was to cancel only the interests of the two heirs in the land involved, who were parties to the proceeding. In *Gordon* v. *Spellman*, 145 *Ga.* 682 (89 S. E. 749, Ann. Cas. 1918A, 852), the executor was a party.

4. Applying the above principles, the court did not err in dismissing the petition.

*Judgment affirmed on main bill of exceptions; cross-bill of exceptions dismissed. All the Justices concur.*

Nos. 4836, 4837. FEBRUARY 16, 1926.

Equitable petition. Before Judge Malcolm D. Jones. Bibb superior court. March 21, 1925.

Mrs. E. L. Reeves filed her petition against Mrs. Willie Hall Reeves Tarnok as trustee for Martha Jane Tarnok, and against Martha Jane Tarnok, and made the following allegations: Willie Hall Reeves Tarnok and Martha Jane Tarnok reside in the City of New Orleans, State of Louisiana. Willie Hall Reeves Tarnok as such trustee, and for the use of Martha Jane Tarnok, is in possession of a described tract of land in the City of Macon, Bibb County, Georgia, to which petitioner claims title. Said trustee has been in possession of said land and has collected the rents thereof since the death of Mrs. M. E. Ellis in April, 1923. Petitioner claims title thereto by reason of the facts which will now be stated. When she was about ten years of age she was taken into the home of Mrs. M. E. Ellis under an agreement between her and petitioner, whereby petitioner was to live with her until her majority or marriage, and assist her in and about her home and in and about the store which Mrs. Ellis was operating. In consideration of petitioner's so doing she would purchase her a home and will it to petitioner when she died. In pursuance of said agreement petitioner entered into the home of Mrs. Ellis, and there performed all of the duties required of her by Mrs. Ellis, by doing her house work and attending to all of her personal needs and wants during all of said time, and did work in the store of Mrs. Ellis by clerk-

ing therein and by delivering groceries to her customers; and in addition to keeping the house and working in the store petitioner rendered innumerable personal attentions required by Mrs. Ellis from the time she engaged her services until she married at the age of nineteen. Mrs. Ellis greatly appreciated all that petitioner did for her, and in compliance with her said agreement bought the said real estate for the purpose of willing the same to petitioner in accordance with her said agreement. After purchasing said property she always thereafter referred to the same as being petitioner's place. Mrs. Ellis in good faith, and with the intent of carrying out her contract with petitioner, in 1912 made a will wherein she devised said real estate to petitioner. All went well until about 1915 or 1917, and after Mrs. Ellis became very old and infirm, when Mrs. Willie Hall Reeves Tarnok set about to have Mrs. Ellis change her will so that petitioner would be deprived of said property willed to her as aforesaid, and in order to carry out her design she continuously begged and persuaded Mrs. Ellis to change her will. Failing to make what she thought proper progress in this matter, she constantly made to Mrs. Ellis false statements in which she charged what petitioner had said about her, for the purpose of having Mrs. Ellis change her will and will said property to her. Mrs. Willie Hall Reeves Tarnok was then living at the home of Mrs. Ellis, who was then between 75 and 80 years of age, being very weak and feeble and being unable to provide for herself. Failing by persuasion and falsehoods, Mrs. Tarnok finally began to abuse Mrs. Ellis, refusing to care for her needs and wants because she would not change her will, until finally Mrs. Ellis, not acting voluntarily, but under the influence of Mrs. Tarnok, did change her will whereby she bequeathed to petitioner $1,000 in lieu of said real estate. About 1920 Mrs. Tarnok moved to Augusta, and in order to keep Mrs. Ellis under her immediate control, and in order that she might continue to exercise her will and power over her, she took Mrs. Ellis over to Augusta where they lived for some time, after which they moved back to Macon, Georgia. Finally Mrs. Tarnok by persuasion, false representations, force and violence, knowing that the will of Mrs. Ellis could not be probated because of her mental condition and because of the undue influence exercised over her by Mrs. Tarnok, did on Febru-

ary 13, 1923, and at a time when Mrs. Ellis was wholly incapable of making a deed, procure from her a deed conveying the above-described real estate to Mrs. Tarnok as trustee for her minor child, Martha Jane Tarnok. Mrs. Ellis died on April 23, 1923. Said deed was one of gift, without any consideration being paid. The undue influence produced by Mrs. Tarnok as aforesaid was done for the purpose of having Mrs. Ellis convey said property to her as trustee for her minor child, and all her acts and doings hereinbefore alleged were for the use and benefit of said minor child. Mrs. Tarnok procured from Mrs. Ellis shortly before her death deeds to all of her property, although she owned four or five houses and lots in the City of Macon. Petitioner prayed (a) that Mrs. Tarnok and Martha Jane Tarnok be served by publication and made defendants as by law in such cases provided; (b) that the deed from Mrs. Ellis to Mrs. Tarnok as trustee for her minor child be delivered up and cancelled as a cloud on petitioner's title; (c) that the title to the real estate mentioned be decreed to be in petitioner in fee simple, in accordance with the purpose and intentions of Mrs. Ellis; (d) that Mrs. Tarnok and her agents and associates be enjoined from undertaking to sell, dispose of, convey, or encumber said real estate; (e) that petitioner have judgment against Mrs. Tarnok for all rents collected by her from said property up to the date of the trial; (f) that process issue; (g) that a guardian ad litem be appointed for the minor; and (h) that petitioner have such other and further relief as may to the court seem proper.

By an amendment petitioner alleged that Mrs. Ellis died intestate, owing no debts, that there has been no administration of her estate, and that no administration thereon is necessary. She struck out the allegation that Mrs. Tarnok had made to Mrs. Ellis "various and sundry falsehoods which she charged petitioner had said and done about her." She further alleged that said will was changed about 12 or 18 months prior to the death of Mrs. Ellis. She further struck the prayer for a judgment against Mrs. Tarnok for rents.

Mrs. Tarnok, as trustee, appearing specially subject to her demurrer to the jurisdiction previously filed, and not for the purpose of making a general appearance, demurred to the petition on the grounds that it states no cause of action, and that peti-

tioner is not entitled to the relief prayed. She demurred specially for the reason, among others, that the personal representative of ·Mrs. Ellis is not made a party, without whom the court is without jurisdiction or authority to grant the relief prayed for. The court sustained the demurrer and dismissed the petition. The plaintiff excepted.

*Walter DeFore* and *James C. Estes,* for plaintiff.

*Hall, Grice & Bloch,* for defendants.