23185. SOUTHERN GROCERY STORES INCORPORATED *v.* CAIN.

STEPHENS, J. 1. Where an attorney at law who is not the attorney of record for the plaintiff in a suit pending, either as a member of the law firm who are attorneys of record for the plaintiff or otherwise, and is not in fact the attorney at law or agent for the plaintiff as respects any matters relative to the suit pending, without authority from the plaintiff or any agent of the plaintiff or attorneys of record for the plaintiff dismisses the case by an entry of dismissal made upon the face of the docket in the office of the clerk of the court in which the case is pend-

ing, the entry of dismissal is without authority of the plaintiff or the plaintiff's attorneys of record, and is therefore a nullity.

2. Upon the hearing of a motion made by the plaintiff to reinstate the case upon the ground that the entry of dismissal of the case was made by a person who had no authority to dismiss the case for and in behalf of the plaintiff, evidence that the person who made the entry of dismissal was at the time of making the entry "an associate" in the office of the attorneys of record for the plaintiff, where it does not appear that he was of counsel for the plaintiff or was a member of the law firm appearing as counsel for the plaintiff or was otherwise an agent for the plaintiff, is not, without more, sufficient to demand an inference of fact that he had authority from the plaintiff or her attorneys of record to make the entry of dismissal of the case. Where it appeared otherwise, from the evidence, that the person who made the entry of dismissal had no actual authority to dismiss the case, but had authority only to dismiss another case by the same plaintiff against another defendant, but became confused and dismissed a case other than the one that he was authorized to dismiss, the evidence did not demand a finding that the entry of dismissal was made by one who had authority to make the entry for and in behalf of the plaintiff. The court was authorized to find that the entry of dismissal was made by a person without authority to do so, and the judgment reinstating the case was not without evidence to support it and was not contrary to law. *Simpson* v. *Brock*, 114 *Ga.* 294 (40 S. E. 266), *Morris* v. *Wofford*, 114 *Ga.* 935 (41 S. E. 56), *Petty* v. *Piedmont Fertilizer Co.*, 146 *Ga.* 149 (90 S. E. 966), and *Yatesville Banking Co.* v. *Fourth National Bank*, 17 *Ga. App.* 420 (87 S. E. 606), were cases in which the attorney whose acts are complained of acted with authority of the party complaining, and are clearly distinguishable from the present case.

*Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED FEBRUARY 17, 1934.

*Harold Hirsch, Marion Smith, M. E. Kilpatrick,* for plaintiff in error.

*Douglas, Douglas & Andrews, Parham & Simpson,* contra.

