HAZELRIGS *v.* BUTLER (two cases).

ATKINSON, Justice. 1. In so far as the petition sought cancellation of the deed it was subject to demurrer. The grantor having died intestate, there being no administration on his estate, and the petitioner not being the sole heir at law, a petition for cancellation could not be maintained, as in such cases both the grantor and the grantee are necessary parties. *Reeves* v. *Tarnok,* 161 *Ga.* 838 (3) (131 S. E. 891), and citations.

2. The petitioner alleging that the grantor in the security deed had sold to her a one-half interest in the property, for which she paid $700, that the grantor refused to execute her a deed therefor, and that the grantee in the security deed took the same without consideration and with knowledge of her equity therein, the petition set forth a cause of action for some of the relief prayed; and, accordingly, the trial judge did not err in overruling a general demurrer thereto and in granting a temporary injunction. *Arteaga* v. *Arteaga,* 169 *Ga.* 595 (151 S. E. 5); *Dorsey* v. *Green,* 202 *Ga.* 655 (44 S. E. 2d, 377).

3. The defects pointed out in the special demurrer were cured by amendment.

*Judgments affirmed. All the Justices concur, except Bell and Wyatt, JJ., absent on account of illness.*

Nos. 16209, 16223. JUNE 17, 1948. REHEARING DENIED JULY 16, 1948.

*Charles W. Anderson,* for plaintiff in error.
*Leonard Pennisi* and *J. B. Wofford,* contra.