## 22199. WINGO v. MANUFACTURER'S NATIONAL BANK OF NEWNAN et al.

QUILLIAN, Justice. The plaintiff in this action sought to enjoin the enforcement of a dispossessory warrant against her husband through which she would also be ousted. She also prayed for the appointment of a receiver and that she be decreed to be entitled to a one-half undivided interest in the property from which she was to be dispossessed. Her cause is predicated upon the allegation that a warranty deed which she and her husband executed to one Manget and which he transferred to one of the defendants in this case was actually only intended to secure a debt and was in effect a security deed. The plaintiff failed to make either Manget or her husband a party to the suit. The trial judge sustained demurrers pointing out this defect and dismissed the petition. *Held:*

Although the plaintiff did not pray for reformation of the warranty deed in question, the consequences of adjudging the instrument a mere deed to secure debt would be the same in

effect as a reformation of the deed. *Hamilton v. Cargile*, 127 Ga. 762, 766 (56 SE 1022). Since all persons having a legal or equitable interest in the subject matter of a suit must be made parties, "no court of equity should undertake to reform a written instrument conveying title to property, in an essential manner, without having before it all the parties to be affected by the proposed reformation." *Wyche v. Green*, 32 Ga. 341, 345. The grantor and grantee of the deed were proper, necessary and indispensable parties, *Volunteer State Life Ins. Co. v. Powell-White Co.*, 196 Ga. 372 (1) (26 SE2d 815), *Linder v. Ponder*, 209 Ga. 746, 747 (75 SE2d 814), and the failure to make them parties in the suit rendered the petition subject to the criticism of the defendants' demurrers. *Sowell v. Sowell*, 212 Ga. 351 (92 SE2d 524); *Coleman v. McAdams*, 214 Ga. 616 (106 SE2d 840).

*Judgment affirmed. All the Justices concur.*

Argued September 11, 1963—Decided October 10, 1963.

*William B. Jones*, for plaintiff in error.
*Glover & Davis*, contra.