23242. LOGAN et al. v. LOGAN et al.
23277. LOGAN v. LOGAN et al.
23280. PHILLIPS v. LOGAN et al.

SUBMITTED DECEMBER 13, 1965—DECIDED FEBRUARY 10, 1966.

*F. H. Boney,* for appellants (Case No. 23242).

*Robert Edward Surles, Oscar M. Smith, Matthews, Maddox, Walton & Smith,* for appellees.

*Matthews, Maddox, Walton & Smith, Oscar M. Smith,* for appellant (Case No. 23277).

*F. H. Boney, Robert Edward Surles,* for appellees.

*Robert Edward Surles,* for appellant (Case No. 23280).

*F. H. Boney, Matthews, Maddox, Walton & Smith,* for appellees.

PER CURIAM. Elgin K. and Charles F. Logan brought their equitable petition against Kathleen Logan Phillips as an individual and as executrix of the estate of Lula K. Logan, deceased, and other named persons, all of whom including the plaintiffs were the sole surviving heirs of Lula K. Logan. The plaintiffs alleged that during the lifetime of their mother, a contract was entered into between them and their mother where on their per-

formance in the operation and management of certain dairy and farming operations, and payment of 1/3 of the net proceeds of such operations to their mother during her lifetime, she would, by her will, leave certain described real and personal property to the plaintiffs in fee simple. It was alleged that the plaintiffs fully complied with their agreement, but their mother, now deceased, by will devised to their sister, the defendant Mary Jo Logan, certain real estate she had contracted to will to the plaintiffs. Plaintiffs also alleged that prior to her death, the mother had deeded to their sister, the defendant Kathleen Logan Phillips, certain described real estate which was part of the real estate their mother had contracted to devise by will to them.

Their prayers were that the defendants be specifically required to execute and deliver to the plaintiffs a deed conveying to them the land promised to be devised to them by the testatrix and that the deed from their mother to Kathleen Logan Phillips be canceled as being null and void.

To this petition the defendants, Kathleen Logan Phillips, individually and as executrix of the estate of Lula K. Logan, and Mary Jo Logan, filed their general and special demurrers. In their fourth amendment to the petition, the plaintiffs dismissed their action against Kathleen Logan Phillips, as executrix of the estate of Lula K. Logan and three devisees in the will of their mother. Thereupon said executrix and Mary Jo Logan filed their demurrers to the amended petition, one of the grounds being that the executrix of the estate was a necessary and indispensable party to the case, and she not being a party, the plaintiffs could not obtain any of the relief sought. The plaintiffs then by scire facias prayed that she show cause why she as executrix should not be made a party to the case. The executrix by special appearance and Mary Jo Logan objected to her being made a party. These objections were sustained. The court then entered an order sustaining the general demurrers of both parties on the ground of the absence of the executrix she being an essential and indispensable party.

Case No. 23242 is here on the appeal of the plaintiffs Elkin K. Logan et al. and the cross appeals of Kathleen Logan Phillips, as an individual (No. 23280) and Mary Jo Logan (No. 23277).

■ The appeal. It is claimed that the court erred in denying the motion of the plaintiffs to make the executrix a party defendant. The court erred in this regard. "Where for any cause it becomes necessary or proper to make parties, the judge shall cause a rule to be prepared, signed by him, either in term time or vacation, calling on the person to show cause why he should not be made a party, the answer to which rule may be heard in term or vacation." *Code* § 3-404. "In writs of scire facias for the purpose of making parties to any suit pending in the superior courts, it shall be sufficient to state the names of the parties, the term of the court to which said cause was made returnable, and the name of the suit or action, requiring the party to show cause why he should not be made a party to said cause, without setting forth the substance of the petition or the proceedings thereon." *Code* § 3-412. "Any person claiming equitable relief may make all necessary parties to secure equitable relief, either at the beginning of his suit or afterwards by amendment." *Code* § 37-1005. "Generally all persons interested in the litigation should be parties to proceedings for equitable relief. . ." *Code* § 37-1004. Kathleen Logan Phillips, as executrix of the estate of Lula K. Logan, was a necessary and essential party. *Hazelrigs v. Butler*, 204 Ga. 98 (48 SE2d 727); *Reeves v. Tarnok*, 161 Ga. 838 (131 SE 891). The case of *Simpson v. Brock*, 114 Ga. 294 (40 SE 266), relied on by the appellees, is not in point here because there the plaintiff sought to re-instate the *whole case* which he had voluntarily dismissed.

■ Cross appeals. To the original petition, the appellees filed their general and special demurrers. After a hearing and orders on the original petition and three amendments, the court in each instance overruled or sustained general and special demurrers. With leave to amend, on the filing of the fourth amendment, the court overruled certain general and special demurrers filed by the appellees. The court sustained the general demurrer pointing out the want of an indispensable party defendant which judgment we have ruled on in the main appeal, but the court also overruled other general and special demurrers. We have examined the several rulings on the general and special demurrers to the original petition and the amendments thereto, and we

find no error. The orders complained of in the cross appeals are affirmed.

*Judgment in the appeal in Case No. 23242 reversed; judgments on the cross appeals (Nos. 23277 and 23280) affirmed. All the Justices concur, except Almand and Quillian, JJ., who dissent from the ruling in Division 1 and from the judgment of reversal.*

ALMAND, Justice, dissenting. When the plaintiffs instituted this action they named Kathleen Logan Phillips, as executrix of the estate of Lula K. Logan, a party defendant. The primary purpose of this action was two fold: (1) to require the specific performance by the executrix of an oral contract by the testatrix as to the devising of certain real and personal property to the plaintiffs and (2) the cancellation of a deed from the testatrix to one of the defendants. In both instances, the executrix of the estate was a necessary and indispensable party. *Hazelrigs v. Butler*, 204 Ga. 98 (48 SE2d 727); *Reeves v. Tarnok*, 161 Ga. 838 (131 SE 891). By their voluntary action and amendment to the petition, the plaintiffs dismissed their suit against the executrix and other heirs and devisees. A plaintiff in an equity suit may as a matter of right strike the name of a defendant, but he takes the risk of the consequences of such act. *Coston v. Coston*, 66 Ga. 382 (1); *Pearson v. Courson*, 129 Ga. 656 (5) (59 SE 907).

When a plaintiff voluntarily dismisses his petition, whether for a good or a bad reason, the court has no authority, over the objection of the defendant, to re-instate the action. *Simpson v. Brock*, 114 Ga. 294 (40 SE 266). So in this case, where the plaintiffs voluntarily dismissed their action against a named defendant, they cannot subsequently bring such party back into the case over the objection of such former defendant.

The executrix of the estate of the testatrix being an essential and indispensable party, and she being absent as such party, the court did not err in sustaining the grounds of the appellees' general demurrer pointing out such defect. *Sowell v. Sowell*, 212 Ga. 351 (92 SE2d 524); *Wingo v. Manufacturer's Nat. Bank*, 219 Ga. 302 (133 SE2d 15).

Mr. Justice Quillian concurs in this dissent.