23417. HARPER et al. v. THE GEORGIAN VILLA, INC.

SUBMITTED APRIL 12, 1966—DECIDED MAY 5, 1966.

*Nolan & Coney, John L. Coney,* for appellants.
*Noah Stone, Norman Fudge,* for appellee.

ALMAND, Justice. The Georgian Villa, Inc. brought an equitable petition against Mrs. E. H. Harper, H. H. Turner and Mrs. John J. Blair seeking specific performance of a contract granting plaintiff an option to purchase certain land. Plaintiff's petition alleged that the defendants were the sole surviving heirs of one Ben J. Turner and that on December 8, 1964, the said Ben J. Turner, the father of defendants, in consideration of the sum of $200 granted plaintiff an option to purchase certain land for a period of 90 days from date for a sum of $25,000. A copy of the contract was attached to and made a part of the petition, and the contract further provided the right to renew the option for an additional 90-day period upon the payment of another $200. The contract also described the land which was subject to the option. The petition alleges that on March 3, 1965, the option was renewed by the plaintiff for an additional 90 days. The contract also provided that upon the payment of $25,000 "Ben J. Turner for himself, his heirs, executors, administrators, and assigns . . . agrees to execute and deliver to purchaser a good and sufficient conveyance by warranty deed of said tract of land."

The petition further alleged "that on March 28, 1965, before said option expired, the said Ben J. Turner died intestate," and paragraph 7 stated that "the title to said tract of land vested in the defendants by descent as the sole heirs at law of the said Ben J. Turner and are now in possession of said tract of land, and no administration has been granted on the estate of the said Ben J. Turner and no application for such administration has been filed and your petitioner alleges on information and belief that the estate of the said Ben J. Turner owes no debts."

On May 25, 1965, plaintiff alleged that it exercised its option by notifying defendants by registered mail, but on May 29, 1965,

the defendants refused to go through with the option agreement. Plaintiff also alleged that it was ready, willing and able to pay the purchase price and made a continuing offer to do so and that "said option agreement is in writing, signed by the optionor, is certain, fair and equitable, and for an adequate consideration." Defendants filed their general and special demurrers to this petition. Subsequently, plaintiff's petition was amended by adding "that the aforesaid price of $25,000 is the fair value of the property which is the subject matter of said option agreement." Defendants' renewed demurrers to the amended petition were overruled, and error is assigned upon this order.

■ The first and third grounds of defendants' demurrers are based on the proposition that no legal defendants were named, that the suit should have been brought against an administrator rather than the defendants as heirs at law and that defendants are not parties to the contract and thus not bound thereby.

The defendants were properly named as parties and constitute legal defendants here. In *Ansley v. Ansley*, 154 Ga. 357 (2) (114 SE 182), this court said that "where the agreement is entire and embraces both real and personal property, and the estate of the decedent is unrepresented and owes no debts, and the heir is in possession of all such property, it is not necessary, in order to enforce the contract in its entirety, to have an administrator for such estate appointed and made a party defendant to the suit. In such a case, equity having obtained jurisdiction over the subject-matter and over the heir for the purpose of enforcing the contract as to the land against him, may enforce the whole of the contract against him." In *Oliver v. Powell*, 114 Ga. 592 (3) (40 SE 826), it was said that "an heir at law claiming to inherit realty is bound by any valid contract with respect thereto made by his ancestor while in life." The contract in question specifically says that "I, Ben J. Turner, hereby bind myself and agree for myself, my heirs, executors, administrators, and assigns . . ." This wording in the contract and the foregoing cited authority make the defendants here proper parties to this suit.

Defendants also contend that plaintiff has an adequate remedy at law against an administrator under *Code* § 113-1601 (amended by Ga. L. 1958, pp. 657-668). It has been held that this section

is permissive only and not imperative. *Chance v. Beall,* 20 Ga. 142 (2).

■ The second ground of defendants' demurrers is that no cause of action is set out against the individual defendants. The allegations in plaintiff's petition as set out above are sufficient to state a cause of action against the defendants.

■ The fourth ground upon which defendants demurred states that the cause of action violates the statute of frauds as being "a promise to answer for the debt, default, or miscarriage of another." *Code* § 20-401 (2). The cause of action here does not violate this section because defendants here are bound to perform the contract if at all by operation of law and no promise to perform was necessary. This contention is therefore without merit.

■ The fifth, sixth, seventh, eighth, ninth, tenth, eleventh and twelfth grounds contend that certain allegations in plaintiff's petition constitute conclusions unsupported by facts or conclusions of law. We have carefully examined these allegations and conclude that there was no error in overruling these demurrers because in each instance, the allegation was either supported by facts or was a statement of fact in itself.

■ The thirteenth ground stated that the cause of action was "predicated upon a contract which is too vague, indefinite and uncertain to be enforceable." This ground is without merit.

The court did not err in overruling any of the defendants' demurrers.

*Judgment affirmed. All the Justices concur.*