43590, 43591.  EZZARD et al. v. MORGAN; and vice versa.
43592.  MORGAN v. WEST et al.

Argued April 2, 1968—Decided May 8, 1968—Rehearing denied May 27 and June 24, 1968—

*J. Ralph McClelland,* for Morgan.

*Mitchell, Clarke, Pate & Anderson, Stephens Mitchell, Taylor W. Jones,* for Ezzard.

*Sutherland, Asbill & Brennan, D. R. Cumming, Jr., J. D. Fleming, Jr.,* for West.

HALL, Judge. 1. Appeal No. 43590. Res judicata is an affirmative defense which would normally be raised by a responsive pleading. *Code Ann.* § 81A-108 (c). The appellants have raised this defense in their answer and by a motion to dismiss. "Ordinarily the affirmative defenses listed in [*Code Ann.* § 81A-108 (c)], and any other defense not specified in [*Code Ann.* § 81A-112], must be asserted by answer and cannot be the basis for a motion to dismiss. . . The reason is plain. Usually the facts necessary to establish the affirmative defense must be established by evidence and the issue must be developed upon trial. If, however, the facts are admitted or are not controverted or are completely disclosed on the face of the pleadings and nothing further can be developed by a trial of the issue, the matter may be disposed of upon a motion to dismiss, a motion for judgment on the pleadings or a motion for a summary judgment." 1A Barron and Holtzoff-Wright, Federal Practice and Procedure 169-173, § 279. See also 2A Moore's Federal Practice § 12.09; 5 Cyclopedia of Federal Procedure (3rd Ed.) 134, § 15.155. We will therefore rule on whether the trial court erred in overruling the defendants' (Ezzard and Ezzard) motion to dismiss the plaintiff's petition on the ground of res judicata.

2. Relating to the motion to dismiss, the record shows that in a previous suit the plaintiff alleged the same cause of action against the Ezzards and the Fulton County Board of Education. The court's order of January 19, 1967, in that action, upon which the Ezzards base their defense of res judicata, was en-

tered prior to the effective date of the new Civil Practice Act. It sustained a motion to dismiss filed by the defendant board on the ground that it was not a suable entity and sustained the Ezzards' oral motion to dismiss. While the latter motion stated as its ground that in an action for damages alleging a conspiracy between two or more defendants, a verdict against only one of the alleged conspirators is null and void and can not support a judgment, it amounted to nothing more than a claim that co-conspirators are indispensable parties to a suit in tort based upon the alleged conspiracy. This was an erroneous ruling on the part of the trial court in view of the law that "where several persons conspire to defraud another, one or all of the wrongdoers may be sued." *Willson v. Appalachian Oak Flooring &c. Co.*, 220 Ga. 599, 609 (140 SE2d 830). However, this is immaterial for the reason that it, like the ruling on the Fulton County Board of Education's motion, did not relate to the merits of the case and therefore cannot be the basis of a defense of res judicata. See *Code* §§ 110-503, 110-504; Leverett, Hall, Christopher, Georgia Procedure and Practice 798, § 30-9 (1957 Ed.).

The trial court did not err in overruling the Ezzards' motion to dismiss the petition upon the ground that the cause of action as to them was res judicata, nor did it err in granting the plaintiff's motion to strike from the defendants' answer the defense of res judicata.

3. Appeal No. 43591. The plaintiff enumerates as error in her cross appeal the sustaining of the Ezzards' motion to open their default under *Code Ann.* § 81A-155 (b) and file defensive pleadings on the ground of excusable neglect. The order opening the default states that a hearing was had and the defendants made a showing of excusable neglect. The record contains no transcript or brief of the evidence heard.

The Ezzards' motion to open default shows that several months prior to the filing of the plaintiff's present petition the same suit against them had been dismissed; that service of the present petition was made upon Mrs. Belle Ezzard and Dorris Ezzard by serving the former at the place of their residence; that Mrs. Belle Ezzard is 83 years of age, suffers from advanced senility, and was incapable of understanding the nature and

meaning of the papers that were handed to her; that Mrs. Belle Ezzard failed to inform Dorris Ezzard that she had received copies of the petition; that the Ezzards' attorney who represented them in the previous litigation had been seriously injured in an accident and was away from his office during this period, and the attorney first learned of the suit after the case had been placed on the default calendar of the court; that the default was caused by the above facts and the neglect was excusable because of Mrs. Ezzard's old age and advanced senility, that all costs were paid, and that a meritorious defense was set forth.

*Code Ann.* § 81A-155 (b) is the same as former *Code Ann.* § 110-404; therefore the law on opening a default before final judgment remains unchanged. The plaintiff concedes that the defendants complied with the requirements as to payment of costs and the filing of a meritorious defense, but she contends there is no showing of excusable neglect. "The general rule seems to be that ' "Excusable neglect" does not mean gross negligence. It does not mean a wilful disregard of the process of the court, but refers to cases where there is a reasonable excuse for failing to answer.' *Brucker v. O'Connor,* 115 Ga. 95, 96 (41 SE 245); *Haynes v. Smith,* 99 Ga. App. 433, 435 (108 SE2d 772) and citations. It has been defined as 'that neglect which might have been the act of a reasonably prudent person under the same circumstances.' Tradesmans Nat. Bank &c. Co. v. Cummings, 38 N. J. Super. 1 (118 A2d 80, 82)." *First Nat. Ins. Co. v. Thain,* 107 Ga. App. 100, 103 (129 SE2d 381). See also *Strickland v. Galloway,* 111 Ga. App. 683 (143 SE2d 3) for additional citations.

The enumeration of error shows no abuse of the trial court's discretion in opening the default. See also *Allanson v. Vincent,* 216 Ga. 112 (114 SE2d 851).

4. Appeal No. 43592. The plaintiff enumerates as error the order of the trial court vacating the order of re-instatement as to the Ezzards' alleged co-conspirators, the school officials. The appellees' motion to vacate the order of re-instatement was grounded upon the theory that "the case was at an end as to them and this court thereafter had no further jurisdiction over them . . . the court had thereby lost jurisdiction over them.

. . ." The trial court ordered "that the prayer of this motion be granted." The authority cited by the appellees for this order is *Simpson v. Brock,* 114 Ga. 294 (40 SE 266). The *Simpson* case however is not in point here for the reason that in that case the plaintiff ·sought to re-instate the *whole case* which he had voluntarily dismissed whereas here the plaintiff had not voluntarily dismissed the *whole case. Logan v. Logan,* 221 Ga. 769, 771 (147 SE2d 326). The trial court erred in sustaining the above motion to vacate the order of re-instatement previously entered by another judge of the trial court. While a trial judge undoubtedly has a discretionary power to re-instate a case or to vacate a re-instatement, there has been no exercise of discretion by the trial court in this case in vacating the re-instatement. On Appeal No. 43592 the judgment vacating the order re-instating parties is reversed and the case remanded to the trial court to take whatever action it in its discretion deems to be appropriate as to its order of re-instatement. It is not necessary to pass on the judgment denying the motion to add parties.

*Judgment affirmed on Appeal No. 43590 and on cross appeal. Judgment reversed on Appeal No. 43592. Bell, P. J., and Quillian, J., concur.*